UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DARRYL GREEN, JR.,**

Plaintiff,

v. **No. 4:26-cv-123-P**

**LEXISNEXIS RISK SOLUTIONS INC.,**

Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On September 18, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 28. The FCR recommended the Court deny Defendant's Motion to Dismiss. Defendant filed an Objection to the FCR on October 6, 2026. ECF No. 34. The Court accordingly conducted a *de novo* review of the FCR. As detailed below, the Court will **DENY** Defendant's Motion to Dismiss, **ADOPT** the reasoning in the Magistrate Judge's FCR, and **OVERRULE** Defendant's Objection.

As an initial matter, the Court agrees with the Magistrate Judge that Defendant's arguments that Plaintiff has no standing to sue do not go towards standing, but, instead, go towards the merits of the case. ECF No. 28 at 7. Because Defendant's arguments bear on the merits of the case instead of Plaintiff's Article III standing, the Court will treat Defendant's Motion to Dismiss under Rule 12(b)(1) as though it were under Rule 12(b)(6). *See M.D.C.G. v. United States*, 956 F.3d 762, 768–69 (5th Cir. 2020).

Defendant objects that Plaintiff's artificial-intelligence generated brief makes no use of the *Pickett* factors, ECF No. 34 at 2, but failure to explicitly cite the test does not necessarily mean that Plaintiff is wrong. Here, instead of proving that Plaintiff should not be the one to bring this

suit, as is the purpose of Article III standing challenges, Defendant's arguments seek to exonerate Defendant of its alleged liability. Defendant's arguments are, therefore, coterminous with the merits of the case, and accordingly are sufficiently intertwined under *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1030 (5th Cir. 2022).[1] The Court therefore agrees with the Magistrate Judge and disagrees with Defendant's objection.

The Court agrees with the Magistrate Judge that Plaintiffs' FCRA Claims survive under Rule 12(b)(6). "Generally, the FCRA provides a private right of action for willful or negligent noncompliance against consumer reporting agencies." *Coleman v. Devos*, No. 3:19-CV-2417-D BH, 2020 WL 9219408, at *3 (N.D. Tex. Dec. 28, 2020) (citing 15 U.S.C. §§ 1681n, 1681o). Section 1681i(a) provides that, if a consumer disputes the completeness or accuracy of any item in his file, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). Section 1681e(b) of the FCRA provides that "[w]henever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

Plaintiff has pled sufficient facts as to both his Section 1681i(a) and

---

[1]*Pickett* explained that whether district courts may resolve contested fact issues depends on the extent to which the jurisdictional question is "inextricably intertwined" with the merits. 37 F.4th at 1030. The 5th Circuit asked three questions to determine when this is the case: (1) Does the statutory source of jurisdiction differ from the source of the federal claim; (2) Can the jurisdictional issue be extricated from the merits and tried as a separate issue; and (3) Does judicial economy favor early resolution of the jurisdictional issue? *Id.* These questions resolve in Plaintiff's favor. Defendant argues that Plaintiff flunks all three *Pickett* factors because "the purported at-fault inaccuracy was reported as alleged is a simple predicate factual issue resolvable based on the uncontroverted verified evidence." ECF No. 34 at 2. But Defendant's own response, purportedly disputing standing under *TransUnion LLC v. Ramirez* 594 U.S. 413, 434, 442 (2021) avers that (1) it did not report to State Farm that Plaintiff was at fault for the 2022 Accident, and (2) upon each of Plaintiff's disputes regarding the 2022 Accident, it reinvestigated. ECF No. 19. To bolster its arguments, Defendant attaches copies of the consumer reports it sent to State Farm and GEICO, respectively ("Consumer Reports"), and the internal records of its reinvestigations, each supported by affidavits. ECF No. 20. Defendant's own response suggests *Pickett*'s second question must be answered in the negative.

Section 1681e(b) claims. The five of documents referenced in the Complaint,[2] ECF No. 1, viewed in the light most favorable to Plaintiff, plausibly allege that Defendant did not conduct a reasonable reinvestigation nor follow reasonable procedures. Accordingly, the Court agrees with the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss be denied.

Having conducted a *de novo* review of the Magistrate Judge's FCR, and Defendant's Objection, the Court **DENIES** the Motion to Dismiss, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Defendant's Objection.

It is therefore **ORDERED** that the above-captioned case is hereby referred to United States Magistrate Judge Jeffrey Cureton for all pre-trial case management proceedings in accordance with 28 U.S.C. § 636(b)(1)(A)–(B). The Magistrate Judge shall then issue findings, conclusions, and recommendations for consideration by this Court in accordance with 28 U.S.C. § 636(b)(1)(C).

**SO ORDERED** on this **29th day** of **October, 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[2](1) GEICO Adverse Action Notice (Pl.'s App. at 4–5); (2) the August 12, 2025 LexisNexis Dispute Letter (Pl.'s App. at 6–7); (3) the August 28, 2025 LexisNexis Results of Reinvestigation (Pl.'s App. at 8–9); (4) the December 12, 2025 Email Request for Correct Reinvestigation (Pl.'s App. at 10); and (5) the first email attached as the January 27, 2026 LexisNexis Results of Reinvestigation (Pl.'s App. at 11–12).